[Cite as *State v. Vasquez*, **2016-Ohio-1390.**]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
LUCAS COUNTY

State of Ohio                                        Court of Appeals No. L-15-1090

      Appellee                                 Trial Court No. CRA 0502310

v.

Demetro Vasquez                              **DECISION AND JUDGMENT**

      Appellant                                Decided:  March 31, 2016

* * * * *

Daniel H. Grna, for appellant.

* * * * *

**OSOWIK, J.**

{¶ 1} This is an appeal brought by appellant from the judgment of the Sylvania
Municipal Court which enforced a sentence that was previously suspended upon
successful conditions of probation.

{¶ 2} Appointed counsel has filed a brief and requested leave to withdraw as
counsel pursuant to *Anders v. California,* 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493

(1967). Under *Anders*, if, after a conscientious examination of the case, counsel concludes the appeal to be wholly frivolous, he should so advise the court and request permission to withdraw. *Id.* at 744. This request must be accompanied by a brief identifying anything in the record that could arguably support the appeal. *Id.* In addition, counsel must provide appellant with a copy of the brief and request to withdraw, and allow appellant sufficient time to raise any additional matters. *Id.* Once these requirements are satisfied, the appellate court is required to conduct an independent examination of the proceedings below to determine if the appeal is indeed frivolous. *Id.* If it so finds, the appellate court may grant counsel's request to withdraw, and decide the appeal without violating any constitutional requirements. *Id.*

{¶ 3} In this case, appellant's appointed counsel has satisfied the requirements set forth in *Anders, supra*. This court further notes that appellant did not file a pro se brief on his own behalf in this appeal. Appellee filed no responsive brief.

{¶ 4} Accordingly, this court shall proceed with an examination of the potential assignment of error set forth by counsel. We have reviewed and considered the entire record from below including the transcript of all proceedings and journal entries and original papers from the Sylvania Municipal Court, as well as the brief filed by counsel. Upon this review we will determine if this appeal lacks merit and is, therefore, wholly frivolous.

{¶ 5} Counsel refers to one possible, but ultimately untenable issue involving the proper crediting of days served previously on this case.

2.

**{¶ 6}** The record demonstrates that in case No. CRA 0502310 on January 18, 2006, appellant entered plea of guilty to attempted stolen property, a violation of R.C. 2913.51, a first degree misdemeanor. On May 10, 2006, he was sentenced to 42 days with 30 days suspended and placed on probation with conditions. Twelve days at CCNO were to commence on June 16, 2006.

**{¶ 7}** In case No. CRB 0502311 appellant entered a plea of guilty to credit misuse, a violation of R.C. 2913.21, a first degree misdemeanor. On May 10, 2006, he was sentenced to 33 days with 3 days suspended upon compliance with certain probation terms. He was given credit for 3 days previously served.

**{¶ 8}** The court's records indicate that appellant failed to appear to serve the days imposed by the court on these cases and a warrant was issued for his arrest. The record further indicates that appellant ultimately began serving these 12 days at CCNO on June 30, 2006, with an out date of July 11, 2006.

**{¶ 9}** Therefore, at the time of sentencing on May 10, 2006, appellant had 30 days to be served on case No. CRB 0502311 as well as another 30 days on case No. CRA 0502310 if he were to violate the terms of probation.

**{¶ 10}** Finally, on December 10, 2014, after many years of probation reviews and failures to appear, the trial court enforced the balance of the sentence on each case, which was 30 days on each case. However, the trial court chose only to enforce 15 days on each case, to be served consecutively.

3.

{¶ 11} Appellant voiced an objection at the sentencing hearing by indicating that he had already served "like two weeks or three days on the charges already." Appellant's recollection of the days served and credited on these cases closely reflect his time served.

{¶ 12} In fact, the record indicates that, after a correction by the trial court, he was properly credited with the time already served on these charges.

{¶ 13} Therefore, the proposed assignment of error is found not well-taken.

**Conclusion**

{¶ 14} We have accordingly conducted an independent examination of the record pursuant to *Anders v. California* and have further considered appellant's proposed assignment of error. The motion of counsel for appellant requesting to withdraw as counsel is granted, and this appeal is dismissed for the reason that it is wholly frivolous.

{¶ 15} The judgment of the Sylvania Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. The clerk is ordered to serve all parties with notice of this decision.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.      _____
                  JUDGE

Thomas J. Osowik, J.

               _____
James D. Jensen, P.J.        JUDGE
CONCUR.

               _____
                  JUDGE

This decision is subject to further editing by the Supreme Court of
Ohio's Reporter of Decisions.  Parties interested in viewing the final reported
version are advised to visit the Ohio Supreme Court's web site at:
http://www.sconet.state.oh.us/rod/newpdf/?source=6.